# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| V. | |
| **John Bush Jr** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:10CR03378-001JB** |
| | USM Number: **59427-051** |
| | Defense Attorney: **James Loonam, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Information**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 18 U.S.C. Sec. 113 (a)(6) | Assault Resulting in Serious Bodily Injury | 11/24/2010 | |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☒ Count **Indictment** is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**October 19, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**January 11, 2012**
Date Signed

Defendant: **John Bush Jr**
Case Number: **1:10CR03378-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **30 months**.

**The Court incorporates by reference its Sealed Memorandum Opinion and Order, filed January 4, 2012 (Doc. 46)("MOO"). Defendant John A. Bush, Jr., pursuant to a Plea Agreement, filed June 8, 2011 (Doc. 28), pled guilty to the Information, filed June 8, 2011 (Doc. 25), charging him with a violation of 18 U.S.C. § 113(a)(6), that being assault resulting in serious bodily injury. The Plea Agreement stipulates that a 4-level enhancement to Bush`s offense level under U.S.S.G. § 2A2.2(b)(2)(B) is appropriate, "because a dangerous weapon was otherwise used in the offense." Plea Agreement ¶ 10, at 4. The Plea Agreement stipulates that a 5-level enhancement to Bush`s offense level under U.S.S.G. § 2A2.2(b)(3)(B) is appropriate, "because the victim sustained serious bodily injury." Plea Agreement ¶ 10, at 4. The parties also agreed that "[t]he provisions of U.S.S.G. § 3C1.2 should not apply in this case." Plea Agreement ¶ 10, at 4. The parties agreed to a 3-level reduction to Bush`s offense level under U.S.S.G. § 3E1.1 based on Bush`s acceptance of responsibility "so long as the Defendant continues to accept responsibility for the Defendant`s criminal conduct." Plea Agreement ¶ 10, at 4-5. "Apart from the stipulations set forth in" the Plea Agreement, the parties "reserve[d] their rights to assert any position or argument with respect to the sentence to be imposed." Plea Agreement ¶ 10, at 5-6.**

**The United States Probation Office ("USPO") disclosed a Presentence Report ("PSR") for Bush on August 11, 2011. In the PSR, the USPO calculates Bush`s total offense level to be 20. See PSR ¶ 28, at 9. The PSR applies a base offense level of 14 under U.S.S.G. § 2A2.2(a). See PSR ¶ 19, at 8. The PSR includes a 4-level upward adjustment under U.S.S.G. § 2A2.2(b)(2)(B) because "the defendant used a knife to stab the victim in the right thumb and forehead." PSR ¶ 20, at 8. The PSR includes a 5-level upward adjustment under U.S.S.G. § 2A2.2(b)(3)(B), because the victim "sustained serious bodily injury." PSR ¶ 21, at 8. The USPO indicates that a 2-level enhancement under U.S.S.G. § 3C1.2 is appropriate, because Bush "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from law enforcement." PSR ¶ 22, at 8-9. The USPO did not apply this 2-level enhancement, however, because the parties agreed that it did not apply. See PSR ¶ 22, at 8-9. The PSR includes a 3-level reduction under U.S.S.G. § 3E1.1 based on Bush`s acceptance of responsibility. PSR ¶ 27, at 9. The PSR lists his criminal history category as I, based on 0 criminal history points. See PSR ¶ 31, at 9. The PSR calculates that an offense level of 20 and a criminal history category of I results in a guideline imprisonment range of 33 to 41 months. See PSR ¶ 50, at 12. On September 14, 2011, the USPO disclosed an Addendum to the PSR, which further discusses the impact the crime had on the victim, Maxine Velasquez, Bush`s former wife. The USPO also addresses Bush`s informal objections to the PSR regarding certain statements Velasquez made relating to events before the offense. See Addendum to PSR at 1. The USPO did not change the PSR in response to these objections. See Addendum to PSR at 1.**

**Bush asks the Court for an 18-month sentence. At the sentencing hearing on October 19, 2011, Plaintiff United States of America asserted that it would be satisfied with a sentence of 33-months imprisonment. At the sentencing hearing, the parties also agreed to the Court reducing Bush`s offense level a third level pursuant to U.S.S.G. § 3E1.1. The Court also accepted the parties` stipulation that U.S.S.G. § 3C1.2 does not apply to the facts of this case. The Court adopts the sentencing calculation in the PSR as its own. A criminal offense level of 20 and a criminal history category of I produces a guideline sentence of 33 to 41 months. In its MOO, the Court denied Bush`s requests for a downward departure under U.S.S.G. § 5K2.13 for diminished capacity and under U.S.S.G. § 5H1.4 based on Bush`s alcohol abuse. See MOO at 1-2.**

**The Court notes that Bush assaulted the victim with a knife, causing her serious bodily injury. The Court has carefully considered the parties` arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Bush`s offense. The Court, however, does not believe that Bush`s requested sentence of 18 months is appropriate. The Court believes that a sentence of 30 months is sufficient to reflect the seriousness of this offense. Bush`s crime is a serious one that involves violence against his former wife. The Court is hesitant to vary downward on sentences for crimes involving violent behavior. Bush, however, has a troubled history, various forms of trauma in his life, some significant mental and emotional problems, and a series of suicide attempts. Those circumstances make his case somewhat different than other violent offenders that come before the Court. The Court has dealt with, however, many defendants who have alcohol problems as well as psychological problems. While the Court does not believe that Bush`s sad background, resulting mental problems, and substance abuse problems justify departures, because he still remains in the heartland of cases, the Court concludes that a slight variance is appropriate to reflect these factors. Bush has also given some service to his country in the military, which indicates**

that he has an understanding of the importance of giving back to society and that he will likely be a better candidate for rehabilitation. Prison is not an appropriate facility for rehabilitation, and a shorter sentence will get him sooner into supervised release. The conditions the Court will impose as part of supervised release will help him address his mental illness and his substance abuse problems. Another reason to vary is that Bush has, to date, not had any therapy or been a part of any programs as extensive as those he will receive while under the USPO`s direction.

The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. Other conditions that the Court will require as part of supervised release will also provide Bush with some needed education, training, and care to prevent these problems from reoccurring, particularly those related to his alcohol abuse. This sentence adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, avoids unwarranted sentencing disparities among similarly situated defendants, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). This 30-month sentence is still a serious sentence and reflects only a slight variance from the advisory guideline range, which is why the Court believes the sentence reflects the seriousness of the offense and promotes respect for the law. For the same reasons, this slight variance will not create unwarranted sentencing disparities among similarly situated defendants; the variance can be justified by Bush`s tragic background and substance abuse problems. While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Bush to 30-months imprisonment.

☒    The court makes the following recommendations to the Bureau of Prisons:

**Edgefield Federal Correctional Institution, Edgefield, SC, if eligible.**

☒    The defendant is remanded to the custody of the United States Marshal.
☐    The defendant shall surrender to the United States Marshal for this district:
    ☐    at  on
    ☐    as notified by the United States Marshal.
☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐    before 2 p.m. on
    ☐    as notified by the United States Marshal
    ☐    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____ with a Certified copy of this judgment.

UNITED STATES MARSHAL

By

DEPUTY UNITED STATES MARSHAL

Defendant: **John Bush Jr**
Case Number: **1:10CR03378-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **John Bush Jr**
Case Number: **1:10CR03378-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting alcohol, drugs, or any other illegal contraband at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**Standard Conditions imposed will be those reflected in Attachment "A" to PSR, not those that went into effect on October 1, 2011.**

**As to Standard condition No. 5, it shall be revised as follows: The Defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program as approved by the probation officer, throughout the term of supervised release.**

**As to Standard condition No. 13, it will not be imposed (As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant`s criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant`s compliance with such notification requirements).**

**The Defendant shall reside at and complete a program at a Residential Re-Entry Center for a period of 6 months as approved by the probation officer.**

**The Defendant must refrain from the use and possession of alcohol and other forms of intoxicants. He must not frequent places where alcohol is the primary item for sale.**

**The Defendant shall have no contact with the victim at any time.**

**The Defendant must participate in and successfully complete a substance abuse treatment program as recommended by the probation officer, which may include drug testing and outpatient counseling. The Defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. The Defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

**The Defendant shall participate in and successfully complete a mental health treatment program, as recommended by the treatment provider and as approved by the probation officer, which may include outpatient counseling. The Defendant may be required to pay a portion of the cost of this treatment as determined by the Probation Officer.**

Defendant: **John Bush Jr**
Case Number: **1:10CR03378-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐     The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | $100.00 | $0.00 | $687.56 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A     ☒    In full immediately; or

B     ☐    $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**Pursuant to the Mandatory Victim Restitution Act of 1996, it is further ordered that the Defendant will make restitution in the amount of $687.56, to be paid to Maxine Velasquez. The restitution will be paid when incarcerated, it is recommended that any amount of restitution remaining unpaid after the Defendant`s release be paid in nominal monthly payments at a rate of 15% of the gross monthly income or not less than $100 per month, whichever is greater, shall be paid during the period of supervision. For tracking purposes, all payments made by the Defendant should be submitted to the United States District Court, Clerk of Court, ATTN: Intake, Case No. 1:10CR03378-001JB, 333 Lomas Blvd., N.W., Suite 270, Albuquerque, New Mexico 87102.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.